UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x

SECURITIES AND EXCHANGE COMMISSION,     :

                   :

            Plaintiff,          :

                   :

   -against-              :

                   :       **12 Civ. 7094-WHP**

WALDYR DA SILVA PRADO NETO,      :

                   :

                   :       **ECF Case**

            Defendant.        :

------------------------------------------------------------------------xx

### DECLARATION OF DAVID S. BROWN IN FURTHER SUPPORT OF PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S APPLICATION FOR ORDER OF PRELIMINARY INJUNCTION AND ORDERS:  (1) FREEZING ASSETS; (2) PROHIBITING THE DESTRUCTION OF DOCUMENTS; AND (3) REPATRIATING FUNDS

I, David S. Brown, declare, pursuant to 28 U.S.C. § 1746, as follows:

     1.        I am an attorney admitted to practice law by the State Bar of California.  I am employed by plaintiff Securities and Exchange Commission (the "Commission") as a staff attorney in the Division of Enforcement, Market Abuse Unit, in the Commission's Los Angeles Regional Office and am one of the Commission's counsel of record in this litigation.  I have personal knowledge of each of the matters set forth below based on the files and records the Commission has obtained.  I make this declaration in support of the Commission's Application for an Order of Preliminary Injunction and Orders freezing assets, prohibiting the destruction of documents, and repatriating funds as against defendant Waldyr Da Silva Prado Neto ("Prado").

### Prado Is On Notice of the September 20, 2012 Temporary Restraining Order, Order to Show Cause, and Asset Freeze

     2.        As set forth in the Declaration of Service Pursuant to the Court's Order of September 20, 2012 (Docket No. 10), my office served Prado with the Court's September 20,

2012 Temporary Restraining Order, Order to Show Cause, and Asset Freeze (the "September 20 Order") by email and overnight mail on his last known residential address.

3.      On September 25, 2012, I received a voicemail message from attorney Thomas McGonigle of Murphy & McGonigle of Washington DC, who indicated his firm represents Prado.  On September 25, I emailed a copy of the September 20 Order to Mr. McGonigle, who acknowledged its receipt that afternoon, a true and correct copy of which is attached hereto as Exhibit 1.  I spoke with Mr. McGonigle by telephone that afternoon about the pending litigation against Prado including the possibility of Prado consenting to the entry of an order of preliminary injunction.

4.      On September 26, 2012, I sent Mr. McGonigle by email a draft stipulation and proposed order for entry of a preliminary injunction against Prado and I asked Mr. McGonigle whether he was authorized to accept service of the summons and complaint on Prado's behalf, to which Mr. McGonigle replied on September 27.  Mr. McGonigle wrote that he would discuss with Prado the proposed stipulation for entry of a preliminary injunction and that "my client had not authorized me to accept service of any papers in this action."

5.      On October 2, 2012, I called Mr. McGonigle and he advised me that Prado had not authorized him to file any document with respect to the Commission's application for a preliminary injunction and that he was not planning on appearing on Prado's behalf at the hearing on October 4.

**Assets and Funds Frozen Pursuant to the September 20 Order**

6.      Pursuant to the September 20 Order, the following assets of Prado's have been frozen:

    a.      $40,343.11 in a bank account held at Wells Fargo Bank;

      b.      $5,033.18 in a brokerage account held at Morgan Stanley Smith Barney; and

      c.      $130,292.53, representing Prado's 401(k) distribution, which was placed into a suspension account by the plan administrator, Wells Fargo Institutional Retirement.

7.      I was advised that the sale of Prado's Miami condo that was pending in mid-September was terminated on or about September 24, 2012.  On October 2, I was advised by Prado's realtor in an email that there has been no activity on the condo since then.  The realtor also wrote that the condo is "temporarily off the market until I was told that it can be sold" and that "I was told that we are not able to sell it because [Prado's] assets are frozen."

**<u>Repatriation</u>**

8.      The Commission staff has not been advised by any representative of Prado, or any other source such as bank or brokerage firm, that any of Prado's assets have been repatriated to the United States as required by the September 20 Order.


      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Executed:  Los Angeles, California
               October 3, 2012



                             /s/ David S. Brown_____
                             David S. Brown

## DECLARATION OF SERVICE

I am over the age of 18 years and not a party to this action.  My business address is:

[X]   U.S. SECURITIES AND EXCHANGE COMMISSION, 5670 Wilshire Boulevard, 11th
      Floor, Los Angeles, California 90036-3648

      Telephone No. (323) 965-3998; Facsimile No. (323) 965-3908.

 On October 3, 2012, I caused to be served the document entitled **DECLARATION OF
DAVID S. BROWN IN FURTHER SUPPORT OF PLAINTIFF SECURITIES AND
EXCHANGE COMMISSION'S APPLICATION FOR ORDER OF PRELIMINARY
INJUNCTION AND ORDERS:  (1) FREEZING ASSETS; (2) PROHIBITING THE
DESTRUCTION OF DOCUMENTS; AND (3) REPATRIATING FUNDS**  on all the
parties to this action addressed as stated on the attached service list:

[ ]   **OFFICE MAIL:**  By placing in sealed envelope(s), which I placed for collection and
      mailing today following ordinary business practices.  I am readily familiar with this
      agency's practice for collection and processing of correspondence for mailing; such
      correspondence would be deposited with the U.S. Postal Service on the same day in the
      ordinary course of business.

      [ ]   **PERSONAL DEPOSIT IN MAIL:**  By placing in sealed envelope(s), which I
            personally deposited with the U.S. Postal Service.  Each such envelope was
            deposited with the U.S. Postal Service at Los Angeles, California, with first class
            postage thereon fully prepaid.

[ ]   **HAND DELIVERY:**  I caused to be hand delivered each such envelope to the office of
      the addressee as stated on the attached service list.

[X]   **UNITED PARCEL SERVICE:**  By placing in sealed envelope(s) designated by United
      Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a
      facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles,
      California.

[X]   **ELECTRONIC MAIL:**  By transmitting the document by electronic mail to the
      electronic mail address as stated on the attached service list.

[X]   **E-FILING:**  By causing the document to be electronically filed via the Court's CM/ECF
      system, which effects electronic service on counsel who are registered with the CM/ECF
      system.

[ ]   **FAX:**  By transmitting the document by facsimile transmission.  The transmission was
      reported as complete and without error.

      I declare under penalty of perjury that the foregoing is true and correct.


Date: _October 3, 2012_____                          _/s/ David S. Brown_____
                                                     David S. Brown

**SEC v. WALDYR DA SILVA PRADO NETO**
**United States District Court – Southern District of New York**
**Case No. 12 CIV 7094 (WHP)**

SERVICE LIST

**Counsel for Waldyr Da Silva Prado Neto:**
Thomas J. McGonigle, Esq. **(served via email/UPS mail)**
Murphy & McGonigle
555 13th Street, N.W.
Suite 410 West
Washington, DC 20004

**Defendant**
Waldyr Da Silva Prado Neto **(served via email/UPS)**
**REDACTED**
Miami Beach, Florida 33141
wspn@ymail.com