UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/5/12
```

------------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,  :
:
Plaintiff,                  :
:
-against-                          :
:   12 Civ. 7094-WHP
WALDYR DA SILVA PRADO NETO,                :
:
:   ECF Case
:
Defendant.                :
------------------------------------------------------------------xx

### ORDER OF PRELIMINARY INJUNCTION AND ORDERS: (1) FREEZING ASSETS; (2) PROHIBITING THE DESTRUCTION OF DOCUMENTS; AND (3) REPATRIATING FUNDS

WHEREAS, the matter came to be heard upon the *Ex Parte* emergency application of Plaintiff Securities and Exchange Commission (the "Commission") for a temporary restraining order, preliminary injunction, order to show cause, asset freeze and other relief filed on September 20, 2012 (the "Application") against Defendant Waldyr Da Silva Prado Neto ("Prado"). On September 20, 2012, the Court granted a Temporary Restraining Order, Order to Show Cause, Orders Freezing Assets and Granting Other Relief against Prado (the "TRO") and ordered him to show cause, if there be any, why a preliminary injunction and asset freeze should not be granted in accordance with the Application [Docket No. 3]. The Court set a hearing on the Order to Show Cause for October 4, 2012 at 5:00 p.m. in Courtroom 11D.

WHEREAS, the Court, having considered: (1) the Complaint; (2) the Declaration of David S. Brown Pursuant to Local Civil Rule 6.1, executed on September 20, 2012; (3) the Declaration of David S. Brown executed on September 20, 2012, and the exhibits thereto; (4) the Declaration of Marcelo P. Lima dated September 19, 2012; (5) the Memorandum of Law in Support of the Commission's *Ex Parte* Emergency Application for a Temporary Restraining

Order, Preliminary Injunction, Order to Show Cause, Asset Freeze and Other Relief; and (6) other documents filed in support of the Application and all other evidence and argument presented regarding the Application.

WHEREAS, the deadlines for a response by Prado under the TRO have passed without objection by Prado;

WHEREAS, based upon the foregoing documents, the Court finds that a proper showing, as required by Section 21(d) of the Exchange Act, has been made in that the Commission has made a sufficient and prima facie showing that:

1. Defendant Prado has violated, and unless restrained will continue to violate, Sections 10(b) and 14(e) of the Exchange Act and Rules 10b-5 and 14e-3 thereunder, as alleged in the Complaint, and there is a strong likelihood that the Commission will prevail on the merits of its claims under such statute and Rules in this action.

2. An order freezing Prado's assets related to the allegations in the Complaint, as specified herein, is necessary to preserve the status quo and to protect this Court's ability to award relief in the form of disgorgement of illegal profits from the violations, prejudgment interest and civil penalties.

3. An order requiring Prado to transfer to the registry of this Court all assets, funds, and other property held in foreign locations in the name of Prado, or for the benefit or under the direct or indirect control of him, or over which he exercises control or signatory authority, is necessary to protect this Court's ability to award relief in the form of disgorgement of illegal profits from the violations, prejudgment interest and civil penalties.

4. An order prohibiting Prado from destroying, mutilating, concealing, altering or disposing of records of any kind, including but not limited to financial records, that refer, reflect

2

or relate to the allegations in the Complaint, or that refer, reflect or relate to Prado's assets, finances or business operations, is necessary, to ensure, among other things, compliance with the asset freeze imposed on Prado's assets, and to protect the integrity of this litigation.

5. This Court has jurisdiction over the subject matter of this action and over Defendant Prado, and venue properly lies in this District.

**NOW, THEREFORE,**

### I.

**IT IS HEREBY ORDERED** that the Commission's Application for a Preliminary Injunction and Orders: (a) freezing Prado's assets; (b) ordering Prado to transfer to the registry of this Court all assets, funds, and other property held in foreign locations in the name of Prado, or for the benefit or under the direct or indirect control of him, or over which he exercises control or signatory authority; and (c) prohibiting Prado from destroying, mutilating, concealing, altering or disposing of records of any kind, including but not limited to financial records, that refer, reflect or relate to the allegations in the Complaint filed by the Commission on September 20, 2012, or that refer, reflect or relate to Prado's assets, finances or business operations is GRANTED.

### II.

**IT IS HEREBY ORDERED,** that Prado, and his agents, servants, employees, attorneys, and those persons in active concert or participation with him who receive actual notice of this Order by personal service, facsimile service, any other means permitted in Section VIII of this Order, or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly, in connection with the purchase or sale of securities, by the use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange:

(1) employing any device, scheme or artifice to defraud;

(2) making any untrue statement of material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(3) engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person

in violation of Sections 10(b) of the Exchange Act of 1934 [15 U.S.C. § 78j(b)], and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

### III.

**IT IS HEREBY ORDERED** that Prado, and his agents, servants, employees, attorneys, and all persons in active concert or participation with him who receive actual notice of this Order by personal service, facsimile service, any other means permitted in Section VIII of this Order, or otherwise, are preliminarily restrained and enjoined from violating Section 14(e) of the Exchange Act [15 U.S.C. § 78n(e)] and Rule 14e-3 [17 C.F.R. § 240.14e-3] promulgated thereunder, in connection with any tender offer or request or invitation for tenders, from engaging in any fraudulent, deceptive, or manipulative act or practice, by:

(1) purchasing or selling or causing to be purchased or sold the securities sought or to be sought in such tender offer, securities convertible into or exchangeable for any such securities or any option or right to obtain or dispose of any of the foregoing securities while in possession of material information relating to such tender offer that they know or have reason to know is nonpublic and know or have reason to know has been acquired directly or indirectly from the offering person; the issuer of the securities sought or to be sought by such tender offer; or any officer, director,

4

partner, employee or other person acting on behalf of the offering person of such issuer, unless within a reasonable time prior to any such purchase or sale such information and its source are publicly disclosed by press release or otherwise; or

(2) communicating material, nonpublic information relating to a tender offer, which they know or have reason to know is nonpublic and know or have reason to know has been acquired directly or indirectly from the offering person; the issuer of the securities sought or to be sought by such tender offer; or any officer, director, partner, employee, advisor, or other person acting on behalf of the offering person of such issuer, to any person under circumstances in which it is reasonably foreseeable that such communication is likely to result in the purchase or sale of securities in the manner described in subparagraph (a) above, except that this paragraph shall not apply to a communication made in good faith

   (a) to the officers, directors, partners or employees of the offering person, to its advisors or to other persons, involved in the planning, financing, preparation or execution of such tender offer;

   (b) to the issuer whose securities are sought or to be sought by such tender offer, to its officers, directors, partners, employees or advisors or to other persons involved in the planning, financing, preparation or execution of the activities of the issuer with respect to such tender offer; or

   (c) to any person pursuant to a requirement of any statute or rule or regulation promulgated thereunder.

IV.

**IT IS HEREBY ORDERED** that Prado, and his agents, servants, employees, attorneys, and all persons in active concert or participation with him who receive actual notice of this Order by personal service, facsimile service, any other means permitted in Section VIII of this Order, or otherwise, are preliminarily restrained and enjoined from withdrawing, transferring, pledging, encumbering, assigning, dissipating, concealing or other disposing of any assets, funds, or other property (including money, real or personal property, securities, commodities, choses in action or other property of any kind whatsoever) of, held by, or under the control of Prado, whether held in his name or for his direct or indirect beneficial interest wherever situated, including but not limited to, all assets, funds or other properties held in the following accounts:

| BROKERAGE FIRM OR FINANCIAL INSTITUTION | ACCOUNT NUMBER (last 4 digits) |
|---|---|
| Wells Fargo Advisors, LLC | xxxx-8989 |
| Wells Fargo Advisors, LLC | xxxx-7882 |
| Wells Fargo Bank, N.A. | xxxxxxxxx6934 |
| Wells Fargo 401(k) Plan Administrator | xxx-xx-1238 |
| Morgan Stanley Smith Barney | xxx-xx9292 |
| Morgan Stanley Smith Barney | xxx-xx9362 |

V.

**IT IS FURTHER ORDERED** that, except as otherwise ordered by this Court, an immediate freeze shall be placed on all assets, funds, or other property (including money, real or personal property, securities, commodities, choses in action or other property of any kind

6

whatsoever) of, held by, or under the control of Prado, whether held in his name or for his direct or indirect beneficial interest wherever situated, including but not limited to, all assets, funds or other properties held in the following accounts:

| BROKERAGE FIRM OR FINANCIAL INSTITUTION | ACCOUNT NUMBER (last 4 digits) |
|---|---|
| Wells Fargo Advisors, LLC | xxxx-8989 |
| Wells Fargo Advisors, LLC | xxxx-7882 |
| Wells Fargo Bank, N.A. | xxxxxxxxx6934 |
| Wells Fargo 401(k) Plan Administrator | xxx-xx-1238 |
| Morgan Stanley Smith Barney | xxx-xx9292 |
| Morgan Stanley Smith Barney | xxx-xx9362 |

## VI.

**IT IS FURTHER ORDERED** that the requirement set forth in the TRO that Prado transfer to the registry of this Court all assets, funds, and other property held in foreign locations in the name of Prado, or for the benefit or under the direct or indirect control of him, or over which he exercises control or signatory authority shall continue in full force and effect unless and until this Court orders otherwise.

## VII.

**IT IS FURTHER ORDERED** that Prado, and any of his agents, servants, employees, attorneys, and those persons in active concert or participation with him who receive actual notice of such Order by personal service, facsimile service, any other means permitted in Section VIII of this Order, or otherwise, are preliminarily enjoined and restrained from destroying, altering,

concealing or otherwise interfering with the access of the Commission to any and all documents, books and records, that are in the possession, custody or control of Prado and any of his officers, agents, servants, employees, attorneys, and those persons in active concert or participation with him, that refer, reflect or relate to the allegations in the Complaint, or that refer, reflect or relate to the Defendant's assets, finances or business operations.

## VIII.

**IT IS FURTHER ORDERED** that, Notice of this Order may be accomplished by delivery of a copy of this Order by first class mail, overnight delivery, international express mail, facsimile, electronic mail, or personally by agents or employees of the Commission, upon Prado or his attorney and upon any bank, saving and loan institution, credit union, financial institution, transfer agent, broker-dealer, investment company, title company, commodity trading company, storage company, or any other person, partnership, corporation, or legal entity that may subject to any provision of this Order. For purposes of notice of anyone in possession of documents, records, assets, funds, property, or property rights, actual notice of this Order shall be deemed complete upon notification by any means, including, but not limited to, notice from distribution by facsimile transmission or electronic mail.

## IX.

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction over this action for the purpose of implementing and carrying out the terms of all orders and decrees which may be entered herein and to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

IT SO ORDERED:
Dated: October 4, 2012
Time: __6__ o'clock ___ p.m.

_____
Honorable William H. Pauley
UNITED STATES DISTRICT JUDGE