UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,

           Plaintiff,

   -against-

WALDYR DA SILVA PRADO NETO,

           Defendant.
------------------------------------------------------------xx

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 01/07/2014
```

12 Civ. 7094 (KPF)

ECF Case

### FINAL JUDGMENT AGAINST DEFENDANT WALDYR DA SILVA PRADO NETO

The matter came to be heard upon the application of Plaintiff Securities and Exchange Commission (the "Commission") for an Order to Show Cause ("OSC") why a judgment by default should not be entered against defendant Waldyr Da Silva Prado Neto ("Prado"). On November 19, 2013, the Court granted the OSC based on: the Affidavit of David S. Brown submitted pursuant to Fed. R. Civ. P. 55(b)(2), Local Civil Rule 55.2(b), and this Court's Individual Rules of Practice in Civil Cases, Rule 4.J and Attachment A; the Clerk's Certificate of fault (Docket No. 41); and the files and records of this action. The Court set a conference on the OSC for January 6, 2014 in Courtroom 618 of this Court.

The Court, having considered: (1) the Complaint; (2) the Affidavit David S. Brown pursuant Local Civil Rule 55.2(b) and this Court's Individual Rules of Practice in Civil Cases, Rule 4.J and Attachment A; (3) Clerk's Certificate of fault (Docket No. 41); and (4) other files and records filed in support of the Commission's application and all other evidence and argument presented regarding the application, finds that:

    A. This Court has jurisdiction over the parties to, and the subject matter of, this action.

B. The Commission has demonstrated that Prado was properly served with the Summons and Complaint in this action, and that Prado failed to file an answer to the Complaint or otherwise defendant the Commission's action.

C. The Clerk of this Court noted Prado's default on October 21, 2013.

## I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Prado, and his agents, servants, employees, attorneys, and those persons in active concert or participation with him who receive actual notice of this Final Judgment by personal service, facsimile service, any other means permitted in Section IV of this Final Judgment, or otherwise, and each of them, be and hereby are permanently restrained and enjoined from, directly or indirectly, in connection with the purchase or sale of securities, by the use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange:

(1) employing any device, scheme or artifice to defraud;

(2) making any untrue statement of material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(3) engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person

in violation of Sections 10(b) of the Exchange Act of 1934 [15 U.S.C. § 78j(b)], and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

## II.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Prado, and his agents, servants, employees, attorneys, and all persons in active concert or participation with him

who receive actual notice of this Final Judgment by personal service, facsimile service, any other means permitted in Section IV of this Final Judgment, or otherwise, are permanently restrained and enjoined from violating Section 14(e) of the Exchange Act [15 U.S.C. § 78n(e)] and Rule 14e-3 [17 C.F.R. § 240.14e-3] promulgated thereunder, in connection with any tender offer or request or invitation for tenders, from engaging in any fraudulent, deceptive, or manipulative act or practice, by:

(1) purchasing or selling or causing to be purchased or sold the securities sought or to be sought in such tender offer, securities convertible into or exchangeable for any such securities or any option or right to obtain or dispose of any of the foregoing securities while in possession of material information relating to such tender offer that they know or have reason to know is nonpublic and know or have reason to know has been acquired directly or indirectly from the offering person; the issuer of the securities sought or to be sought by such tender offer; or any officer, director, partner, employee or other person acting on behalf of the offering person of such issuer, unless within a reasonable time prior to any such purchase or sale such information and its source are publicly disclosed by press release or otherwise; or

(2) communicating material, nonpublic information relating to a tender offer, which they know or have reason to know is nonpublic and know or have reason to know has been acquired directly or indirectly from the offering person; the issuer of the securities sought or to be sought by such tender offer; or any officer, director, partner, employee, advisor, or other person acting on behalf of the offering person of such issuer, to any person under circumstances in which it is reasonably foreseeable that such communication is likely to result in the purchase or sale of securities in the

manner described in subparagraph (a) above, except that this paragraph shall not apply to a communication made in good faith

 (a) to the officers, directors, partners or employees of the offering person, to its advisors or to other persons, involved in the planning, financing, preparation or execution of such tender offer;

 (b) to the issuer whose securities are sought or to be sought by such tender offer, to its officers, directors, partners, employees or advisors or to other persons involved in the planning, financing, preparation or execution of the activities of the issuer with respect to such tender offer; or

 (c) to any person pursuant to a requirement of any statute or rule or regulation promulgated thereunder.

### III.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Prado is liable for disgorgement of $397,110.01 representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $41,622.90, and that Prado is liable for a civil penalty in the amount of $ 5,195,500.00  pursuant to Section 21A of the Exchange Act. Prado shall satisfy this obligation by paying these amounts to the Commission 14 days after entry of this Final Judgment. This obligation may be satisfied by relinquishing, within 14 days after entry of this Final Judgment, all legal and equitable right, title and interest in the assets and funds frozen subject to the Court's asset freeze orders of September 20, 2012 (Docket No. 3) and October 5, 2012 (Docket No. 15) including $40,343.11 in a bank account at Wells Fargo Bank; $5,033.18 in a brokerage account held at Morgan Stanley Smith Barney; and $130,292.53 representing Prado's 401(k) distribution held by the plan

4

administrator, Wells Fargo Institutional Retirement (the "Frozen Funds"). In satisfaction of Prado's disgorgement obligations, Wells Fargo Bank, Morgan Stanley Smith Barney, and Wells Fargo Institutional Retirement are hereby directed to transmit the Frozen Funds to the Commission within 14 days after entry of this Final Judgment. Wells Fargo Bank, Morgan Stanley Smith Barney, and Wells Fargo Institutional Retirement may transmit this payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Wells Fargo Bank, Morgan Stanley Smith Barney, and Wells Fargo Institutional Retirement may also pay the Frozen Funds by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Prado as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Wells Fargo Bank, Morgan Stanley Smith Barney, and Wells Fargo Institutional Retirement shall simultaneously transmit photocopies of evidence of payment of the Frozen Funds and case identifying information to the Commission's counsel in this action. By making this payment, Prado relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Prado.

Following the payment of Prado's disgorgement obligations by Wells Fargo Bank, Morgan Stanley Smith Barney, and Wells Fargo Institutional Retirement to the Commission as

set forth above, all asset freeze obligations imposed by the Court's orders on September 20, 2012 (Docket No. 3) and October 5, 2012 (Docket No. 15) shall terminate as to the Frozen Funds only without further order of the Court. The Court's asset freeze obligations on Prado's real property imposed by the Court's orders on September 20, 2012 (Docket No. 3) and October 5, 2012 (Docket No. 15) shall not terminate except by further order of this Court.

The Commission may enforce the Court's judgment for disgorgement by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days after entry of this Final Judgment. Prado shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

## IV.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that notice of this Judgment may be accomplished by delivery of a copy of this Judgment by first class mail, overnight delivery, international express mail, facsimile, electronic mail, or personally by agents or employees of the Commission, upon Prado or his attorneys and upon any bank, saving and loan institution, credit union, financial institution, transfer agent, broker-dealer, investment company, title company, commodity trading company, storage company, or any other person, partnership, corporation, or legal entity that may subject to any provision of this Judgment.

## V.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction over this action for the purpose of enforcing the terms of this Final Judgment.

///

///

///

## VI.

There being no reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

It is further ORDERED that this case shall remain open until further order by the Court.

IT SO ORDERED.

Dated: _____January 7_, 2014

_____
Honorable Katherine Polk Failla
UNITED STATES DISTRICT JUDGE